HARRY ARRINGTON, PLAINTIFF-RESPONDENT, v. FRED WHITE, DEFENDANT; WILLIAM H. KOAR, DEFEND-ANT-APPELLANT.

Submitted February 14, 1941—Decided April 25, 1941.

For the plaintiff-respondent, *Chandless, Weller & Kramer* (*Julius E. Kramer*).

For the defendant-appellant, *Rupert F. Howlett.*

The opinion of the court was delivered by

CASE, J. The judgment appealed from was for personal and property damages suffered by the plaintiff in collision with an automobile owned by the defendant-appellant Koar and driven by the latter's chauffeur and co-defendant White.

The single question is whether Judge Barbour, sitting with a jury in the trial of the cause at the Bergen Circuit, erred in refusing to direct a verdict for the defendant Koar at the close of the case; and that question is narrowed to the particular inquiry whether there was proof that White was in his master's business at the time of the collision.

There was testimony from which, giving the plaintiff the benefit of legitimate inferences which may be drawn therefrom in his favor (*Andre* v. *Mertens,* 88 *N. J. L.* 626), it could be found: Koar lived in Glen Rock; White, in Paterson. The employment had continued over a period of three and one-half years. The accident occurred in the City of Paterson on McLean Boulevard, a highway which did not constitute

the shortest distance, but which nevertheless was a convenient and used course of travel, between those points. White's duties were to act as chauffeur for the family, take care of the garden, serve as butler, assist the maid in cleaning and act as "handy-man." On April 6th, 1939, Koar left with his family on a trip to Bermuda and instructed White to meet the family at the boat on their return on April 21st. On April 20th White took the car from the commercial garage where it had been left, drove to the Koar home, found that the maid was not there, drove to her home and learned that she was away, returned to the residence, opened the windows and began to vacuum-clean the house. It had been the practice that if he had occasion to go home in his master's service he would drive there and back, and on this day, as there was no food in the house, he drove to his home in Paterson to get lunch. As he was starting on his return trip to Glen Rock he was accosted by some acquaintances, girls, whom he undertook to drive to a bus line on McLean Boulevard and was actually on that highway when the accident happened. White's home was on or near Twelfth avenue. He drove east on that or a parallel avenue to and past Madison avenue. What was perhaps the most direct route to Glen Rock would have required a turn there to the left or north. However, White continued his course to the east as far as McLean Boulevard, known also as Route 3, and there veered southward for the purpose of traversing the few blocks to Broadway—still within the City of Paterson—and thus to circle around to a road leading northerly to Glen Rock. The accident happened during that short course on McLean Boulevard.

The question of whether White, generally on that day and specifically in making the run to Paterson for his mid-day meal, was on his master's business was clearly for the jury. Whether his deviation of route took him out of that service is not so distinctly marked. But that, too, we think, involved an element of fact which required a jury decision. The shortest route is not always the best. There was no instruction limiting him to particular roads or streets. Assuming his authority to make the trip, he was vested with some discretion in the selection of one of several available routes. The

deviation was not great. Liability is determined not by the taking on of riders or making an undirected stop along the way or by the circumstance of deviation from the direct route, but upon whether or not the act, be it of deviation or otherwise, was, *per se,* so disconnected from the master's service as to exonerate the master from liability. The rule has been frequently stated and variously applied. *Michael* v. *Southern Lumber Co.,* 101 *N. J. L.* 1; *Venghis* v. *Nathanson,* 101 *Id.* 110; *Dunne* v. *Hely,* 104 *Id.* 84; *Axford* v. *Purity Bakeries Corp.,* 112 *Id.* 594; *Efstathopoulos* v. *Federal Tea Co.,* 119 *Id.* 408; *Celidonio* v. *A. Z. Motors Co., Inc.,* 121 *Id.* 377.

We conclude that there was no error in the ruling under review.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—THE CHIEF JUSTICE, DONGES, JJ. 2.